PEOPLE, PLAINTIFF AND APPELLEE, *v.* GARCÍA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Adultery.

No. 1017.—Decided June 19, 1916.

ADULTERY—WITNESS—ACCOMPLICE.—While it is true that section 270 of the Penal Code provides that to constitute the crime of adultery the participation of a man and a woman is necessary and that both commit the offense although only one may be married, section 239 of the Code of Criminal Procedure is not applicable to a case in which the woman with whom the accused is charged with committing adultery and who was not included in the charge testifies, nor does it prevent an accomplice from voluntarily testifying at the trial. The object of section 239 is that a co-defendant may be compelled to testify when the charge against him has been dismissed.

ID. — WITNESS — LEADING QUESTIONS — SEXUAL RELATIONS — DISCRETION OF COURT.—The allowing of leading questions to be put to a witness is purely discretionary with the court and its discretion should not be questioned unless manifest abuse in the exercise thereof is shown. Generally, leading questions are allowed for the purpose of showing a woman's sexual relations with a man, especially when she is of tender age.

ID.—MEDICAL EXPERT—CORROBORATION.—Objection to the testimony of a medical expert regarding the deflowering of a young woman tending to corroborate the carnal act testified to by her, was properly overruled.

ID.—SUFFICIENT CORROBORATION—MEDICAL EXPERT—STATEMENTS BY DEFENDANT.—According to section 253 of the Code of Criminal Procedure, the testimony of an accomplice in a prosecution for adultery is sufficiently corroborated by the testimony of a medical expert regarding her recent deflowering, the testimony of a witness regarding the statement made to him by the defendant that he had carried off the said girl and the testimony of another witness that he knew that the defendant had taken her to a house in the town where he saw her.

The facts are stated in the opinion.

*Mr. Juan B. Huyke* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

In the appeal taken by Alejandro García from a judgment convicting him of the crime of adultery he omitted to file a brief assigning the errors which in his opinion warranted a reversal of the judgment, but at the hearing his attorney restated orally the objections made by him at the trial to the admission of certain evidence which he deemed improper.

The information charged that the appellant, while married to another woman, committed acts of sexual intercourse with Catalina Mestre.

When at the trial the prosecution called Catalina Mestre, a girl of fifteen years of age, as a witness and requested her to tell the court what had occurred between her and the defendant, the latter's attorney objected on the ground that, according to section 270 of the Penal Code and section 239 of the Code of Criminal Procedure, being *particeps criminis,* the witness could not testify unless the legal formalities were complied with. The court allowed the witness to answer and defendant's attorney noted an exception.

The section of the Penal Code cited by the appellant provides that when the crime of adultery is committed between a married woman and an unmarried man, or a married man and an unmarried woman, the unmarried man or the unmarried woman shall be deemed guilty of adultery also; and section 239 of the Code of Criminal Procedure prescribes that when two or more persons are included in the same charge, the court may, at any time before the defendants have gone into their defense, on the application of the prosecuting attorney, direct any defendant to be discharged that he may be a witness for The People.

It is true that the participation of a man and a woman is necessary for the commission of the crime of adultery and that both are guilty although only one of them may be married; but said section 239, on which the appellant bases

his objection to the admission of the testimony of the woman with whom he is alleged to have committed adultery, is not applicable to this case because she was not included in the charge against Alejandro García, nor does it forbid that a *particeps criminis* testify voluntarily at the trial. The purpose of the said section is that a co-defendant may be compelled to testify after he has been discharged.

The defense also objected to the ruling of the court allowing certain leading questions to be put to the witness, a girl fifteen years of age, but such permission is entirely discretional and we should not interfere with the exercise of that discretional power unless it be shown that the court openly abused the same. *People* v. *Quiñones et al.,* 23 P. R. R. 467. Leading questions are generally allowed to be put to a woman in order to ascertain her sexual relations with a man, particularly in the case of a girl like Catalina Mestre.

The objection to the admission of the evidence of a physician regarding the deflowering of the said girl was properly overruled also, for it tended to corroborate her testimony admitting the commission of the carnal act.

Finally, objection was made to the sufficiency of the evidence as a whole on the ground that the testimony of the *particeps criminis* was not corroborated according to section 253 of the Code of Criminal Procedure.

We are of the opinion that the court did not err in overruling that objection, for the testimony of Catalina Mestre was duly corroborated by that of Dr. Palou as to her recent deflowering, by that of Eduardo G. Torres regarding the defendant's admission that he had taken the said girl away and by that of Pedro Mestre to the effect that he knew that the defendant had taken Catalina to a house in the town, where he had seen her.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.